STEMAN et v. KARCH

Ohio Appeals, 1st Dist., Hamilton, Co.

Decided June 14,. 1926

480. EVIDENCE—Where contract was entered into in 1920 to sell real estate and it is claimed that after the expiration of the con-tract the seller requested the agent to resume activities, the evidence herein was not clear enough to sustain judgment against seller and for broker.

CUSHING, J.

Henry P. Karch brought an action in the Hamilton Common Pleas against Louis Steman et, claiming that he had a verbal contract with them to procure a purchaser for real estate described in the petition, and that, in consideration of his advertising the property, and using his best efforts to sell same, Steman et agreed to pay him a commission of 4% of the selling price, should he obtain a purchaser therefor. He claims he procured a purchaser for $15,-500 and claims $620 with interest.

The Court of Appeals held:

1. At the trial the only evidence offered by Karch as to a contract was a written agreement entered into with him in 1920 by Louis Steman in which it provided that he sell the property at $17,000 provided it be sold within the year 1920.

2. Karch, offered the contract in evidence and stated that early in the year 1921 one o' the Stemans asked him to resume his efforts to sell the property, there being no evidence in the record that 4% commission was agreed upon, etc.

3. There was a denial that Steman requested Karch to resume his efforts to sell the property and because of the uncertainty of the evidence on the question of establishing a contract not pleaded, our opinion is that verdict is against the weight of the evidence.

Judgment reversed.

(Buchwalter and Hamilton, J., concur.)

Attorneys—Wm. J. Stenger, and Buchwalter, Headley & Smith for Steman; Clark & Mc-Cauley for Karch; all of Cincinnati.

---

No. 396

LLOYD v. GENERAL TIRE & RUBBER CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1195. Decided March 8, 1927

396. DIRECTED VERDICT—Where, at the close of plaintiff's case, the defendant moves for a directed verdict in his favor because of lack of proof of a material fact, the trial judge in passing on such motion cannot properly consider evidence tending to disprove the existence of such fact, nor weigh the evidence; if there is any evidence tending to establish the existence of such fact, no matter how much evidence there is to the contrary, the trial judge is bound to submit the question to the jury.

First Publication of this Opinion

WASHBURN, P. J.

Abraham Lloyd sued the General Tire & Rubber Co. in the Summit Common Pleas to recover damages for assault and battery committed upon him by an employee of the Company.

At the close of Lloyd's evidence, the trial judge directed a verdict for the Company, and the correctness of that ruling is the question to be determined in this error proceeding.

The Court of Appeals held:

1. When the company made such a motion, the trial judge was not called upon nor permitted to weigh the evidence and determine whether such employee was acting in the scope of his employment, the only thing he was to do was to decide whether there was any evidence tending to prove that employee was acting for the Company.

2. Evidence tended to show that Lloyd was to build a parade float; that upon delivery it collapsed; that the Company had paid a deposit; that the employee in question was advertising manager of the company; that the company was deprived of taking part in the parade, that the next day the employee went to Lloyd and demanded a refund of the deposit, and that upon refusal of Lloyd to comply, the assault and battery was committed.

3. In deciding said motion, the judge was bound to consider all of these facts so proven, and to consider as established all reasonable inferences which a jury might draw therefrom; such motion concedes to plaintiff everything that the jury could possibly find in his favor. Ellis & Morton v. Ohio L. Ins. Co., 4 OS. at pg. 647.

4. We do not attempt to decide whether, at the time of the assault, such employee was or was not acting for the Company; all that we decided is that there being some evidence on both sides of the question, a jury and not a judge should weigh the evidence and determine the question.

Judgment reversed.

(Funk & Pardee, JJ., concur.)

Attorneys—Carl N. Myers for Lloyd; A. F. O'Neil and S. C. Golopy, for Company; all of Akron.